UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANDRE ANTOINE STURGES,

        Petitioner,

v.                                  CASE NO. 13-12013
                                  HONORABLE GEORGE CARAM STEEH

CINDI S. CURTIN,

        Respondent.
_____/

**ORDER STRIKING PETITIONER'S MOTION FOR A STAY** (ECF No. 8)

On May 6, 2013, petitioner Deandre Antoine Sturges commenced this action through counsel by filing an application for the writ of habeas corpus.  The habeas petition challenges petitioner's state convictions for first-degree (felony) murder, conspiracy to commit armed robbery, and possession of a firearm during the commission of a felony. Petitioner asserted that:  (1) there was insufficient proof at trial to support his murder conviction; (2) the introduction of testimony concerning other "bad acts" deprived him of due process and a fair trial, and his trial attorney was ineffective for failing to raise an adequate objection to the evidence; and (3) the trial court usurped his right to counsel of choice and his right to present a defense when the court precluded the division of labor intended by petitioner's co-counsel.  Petitioner asserts that he raised these claims in state court and that the Michigan Supreme Court denied leave to appeal on June 6, 2012.

On May 27, 2014, respondent Cindi S. Curtin filed an answer to the habeas petition through the Michigan Attorney General.  She argues that petitioner procedurally defaulted

some of his claims and that the state courts' rejection of petitioner's claims did not result in decisions that were contrary to, or an unreasonable applications of, clearly established federal law. Now before the Court is petitioner's pro se motion to stay these proceedings and to hold his habeas petition in abeyance while he exhausts state remedies for several new claims.

Pursuant to 28 U.S.C. § 1654, parties in federal court "may plead and conduct their own cases personally or by counsel. . . ." This language "suggests that parties may proceed either with or without counsel, but [it] makes no provision for hybrid representation." Jones v. Bradshaw, 326 F. Supp. 2d 857, 858 (N.D. Ohio 2004). "[C]ourts enjoy broad discretion to determine who shall practice before them," United States v. Dinitz, 538 F.2d 1214, 1219 (5th Cir. 1976), and "[a] habeas petitioner has neither a constitutional right nor a statutory right to hybrid representation." Miller v. United States, 561 F. App'x 485, 489 (6th Cir. 2014) (citing § 1654); accord Lee v. Alabama, 406 F.2d 466, 469 (5th Cir. 1968) (stating that, under § 1654, the habeas petitioner "had a right to represent himself or to be represented by counsel, but he had no right to a hybrid representation partly by himself and partly by counsel"); Jones v. Bradshaw, 326 F. Supp.2d at 858 (stating that the habeas petitioner could not proceed by means of hybrid representation).

Petitioner is represented by retained counsel. He has no right to hybrid representation, presenting some documents through counsel and other documents pro se. The Court therefore strikes petitioner's pro se motion for a stay (ECF No. 8).

Dated: March 3, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 3, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk