UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANDRE STURGES,

        Petitioner,

    v.                       CASE NO. 2:13-CV-12013
                                  HONORABLE GEORGE CARAM STEEH

CINDI S. CURTIN,

        Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

Deandre Sturges, ("petitioner"), confined at the Kinross Michigan Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his application, brought through his attorney Sanford A. Schulman, petitioner challenges his conviction for first-degree felony murder, M.C.L.A. 750.316(1)(c); conspiracy to commit armed robbery, M.C.L.A. 750.529, M.C.L.A. 750.157a, and possession of a firearm during the commission of a felony (felony-firearm), M.C.L.A. 750.227b.  For the reasons stated below, the petition for a writ of habeas corpus is DENIED.

### I.  Background

Petitioner was convicted of the above offenses following a jury trial in the Oakland County Circuit Court.  This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

Catherine Blain was found slumped over in her car in the parking lot of the Rib Rack restaurant; she was declared dead the next day. The medical examiner determined that the cause of death was a gunshot wound to the head, and the manner of death was homicide.

Police identified defendant, Jerome Hamilton, and Brandon Davis as suspects in the murder. Davis entered into an agreement with the prosecutor with the belief that if he cooperated he would not be charged with Blain's murder. Davis testified at trial regarding the circumstances surrounding the incident at the Rib Rack.

Other witnesses corroborated parts of Davis's testimony. Video surveillance footage of the Rib Rack parking lot was of poor quality, and did not identify defendant or a gun. The footage did corroborate Davis's account of what happened at the Rib Rack. The prosecutor also introduced defendant's interview with investigating officers in which defendant admitted to being the driver on October 15, 2008.
************************************************************************************
[E]vidence was presented that defendant knew that Hamilton had a gun. A gun is a deadly weapon and defendant's knowledge that a deadly weapon was used was enough to infer malice. In addition, evidence was also introduced that defendant planned with Hamilton and Davis to rob Blain.

*People v. Sturges*, No. 296585, 2011 WL 4862448, at *1, 2, 3 (Mich. Ct. App. Oct. 13, 2011).

Additional facts from the record are as follows:

Two days before the shooting, petitioner told Davis that the Rib Rack manager left at around 11:00 p.m. every night to make a bank deposit. (Tr. 8/31/09, p. 181). While driving around on the evening of the murder, petitioner said to Davis and Hamilton "we should just go into the Rib Rack, or Shack, and just rob the place." (*Id.* at 196). Later that night, petitioner and his co-defendants formulated the plan to rob the Rib Rack manager. Petitioner was the driver. They decided that Hamilton would wait by the door and rob the manager before she got to her car. Davis testified that petitioner was part of the plan to rob the Rib Rack (*Id.*; Tr. 9/1/09, p. 65). Although it

was dark and rainy, petitioner turned off the car headlights (Tr. 8/28/09, pp. 153-154;

Tr. 8/31/2009, pp. 227-228; Tr. 9/4/09, p. 39). Petitioner idled the car in the nearby

parking lot until all but one of the cars left the Rib Rack parking lot after the restaurant

closed. (Tr. 8/31/2009, p. 228). Hamilton got out of the car and walked into the parking

lot (*Id.*; Tr. 9/1/09, p. 40). After Blain came out of the Rib Rack, petitioner drove with

the headlights off through an alley into the Rib Rack parking lot toward Blain's car (Tr.

8/28/09, p. 163; Tr. 8/31/2009, pp. 229-230; Tr. 9/4/09, p. 39). At that point, Hamilton

shot Blain and Blain's car collided with Davis's car. (Tr. 8/31/09, p. 230).

Petitioner's conviction was affirmed on appeal. *People v. Sturges*, No. 296585,

2011 WL 4862448 (Mich. Ct. App. Oct. 13, 2011)*; lv. den.* 491 Mich. 933, 814 N.W.2d

289 (2012).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Mr. Sturges' conviction for felony murder must be vacated as there was
constitutionally insufficient proof that he aided or abetted in the commission
of robbery, attempted robbery or murder.

II. The introduction of an abundance of irrelevant and highly prejudicial
testimony concerning other bad acts induced the jury to convict Mr. Sturges
based on believing he had a criminal propensity, thus denying him due
process and the right to a fair trial; and trial defense counsel was ineffective
to the extent that he failed to raise an adequate objection to this evidence.

III. Reversible error occurred when the trial court precluded the division of
labor intended by Mr. Sturges' co-counsel, thus usurping his constitutional
rights to be represented by counsel of his choice and to present a defense.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty

Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

-3-

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)(quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v.*

-4-

*Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)).  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)).  Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*  In order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103.

### III.  Discussion

**A.  Claim #1.  The sufficiency of the evidence claim.**

Petitioner alleges that there was insufficient evidence to convict him of  felony murder, based on a theory that he aided or abetted in the commission of a robbery, attempted robbery, or murder.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to

constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364

(1970).  But the critical inquiry on review of the sufficiency of the evidence to support a

criminal conviction is, "whether the record evidence could reasonably support a finding

of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).

This inquiry, however, does not require a court to "ask itself whether *it* believes that the

evidence at the trial established guilt beyond a reasonable doubt."  Instead, the relevant

question is whether, after viewing the evidence in the light most favorable to the

prosecution, *any* rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted)

(emphasis in the original).

　　　　More importantly, a federal habeas court may not overturn a state court decision

that rejects a sufficiency of the evidence claim simply because the federal court

disagrees with the state court's resolution of that claim.  A federal court may grant

habeas relief only if the state court decision was an objectively unreasonable

application of the *Jackson* standard. *See Cavazos v. Smith,* 132 S. Ct. 2, 4 (2011).

"Because rational people can sometimes disagree, the inevitable consequence of this

settled law is that judges will sometimes encounter convictions that they believe to be

mistaken, but that they must nonetheless uphold." *Id.*  For a federal habeas court

reviewing a state court conviction, "the only question under *Jackson* is whether that

finding was so insupportable as to fall below the threshold of bare rationality." *Coleman*

*v. Johnson*, 132 S. Ct. 2060, 2065 (2012).

　　　　Under Michigan law, the elements of first-degree felony murder are:

    (1) the killing of a human being;

    (2) with an intent to kill, to do great bodily harm, or to create a high risk of death or great bodily harm with knowledge that death or great bodily harm is the probable result (i.e., malice);

    (3) while committing, attempting to commit, or assisting in the commission of one of the felonies enumerated in the felony murder statute.

*Matthews v. Abramajtys,* 319 F.3d 780, 789 (6th Cir. 2003)(citing *People v. Carines*, 460 Mich. 750, 759; 597 N.W.2d 130 (1999)).

    The Michigan Supreme Court has indicated that: "[A] jury can properly infer malice from evidence that a defendant set in motion a force likely to cause death or great bodily harm." *People v. Aaron*, 409 Mich. 672, 729; 299 N.W.2d 304 (1980); *see also Carines,* 460 Mich. at 759 (internal citation omitted).  "Malice may also be inferred from the use of a deadly weapon." *Carines,* 460 Mich. at 759.

    The elements of armed robbery under Michigan law are: (1) an assault, and (2) a felonious taking of property from the victim's presence or person, (3) while the defendant is armed with a weapon described in the statute. *See Lovely v. Jackson,* 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004)(citing Mich. Comp. Laws § 750.529; *People v. Allen*, 201 Mich. App. 98, 100; 505 N.W.2d 869 (1993)).

    To support a finding under Michigan law that a defendant aided and abetted in the commission of a crime, the prosecutor must show that:

    1. the crime charged was committed by the defendant or some other person;

    2. the defendant performed acts or gave encouragement that assisted the commission of the crime; and

    3. the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time he gave aid and encouragement.

*Riley v. Berghuis,* 481 F.3d 315, 322 (6th Cir. 2007)(citing *Carines*, 460 Mich. at 757-58).

Under Michigan law, to convict a defendant of felony murder under an aiding and abetting theory, the prosecutor must show that someone killed the victim during the underlying predicate felony, that the defendant assisted that person in killing the victim, and that the defendant either intended to commit the crime or he knew when he gave the assistance that the other person intended to commit the crime. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 858 (E.D. Mich. 2003)(citing *People v. Smielewski*, 235 Mich. App. 196, 207; 596 N.W. 2d 636, 642 (1999)).

In the present case, there was sufficient evidence for a rational trier of fact to conclude that the petitioner possessed the requisite malice required to support his conviction for first-degree felony murder as an aider and abettor. The evidence established that petitioner actively planned and participated in an armed robbery while knowing that his co-defendant was armed with a gun.

A number of cases have held that a defendant's participation in an armed robbery, while either he or his co-defendants were armed with a loaded firearm, manifested a wanton and reckless disregard that death or serious bodily injury could occur, to support a finding that the defendant acted with malice aforethought, so as to support a conviction for felony-murder on an aiding and abetting theory. *See Hill v. Hofbauer,* 337 F.3d 706, 719-20 (6th Cir. 2003)(intent for felony murder "can be inferred from the aider and abettor's knowledge that his cohort possesses a weapon."). *See also People v. Carines,* 460 Mich. at 759-60; *Harris v. Stovall,* 22 F. Supp. 2d 659, 667 (E.D. Mich. 1998)*; People v. Turner,* 213 Mich. App. 558, 572-73; 540 N. W. 2d 728

-8-

(1995);*overruled in part on other grounds People v. Mass,* 464 Mich. 615; 628 N.W.2d

540 (2001); *People v. Hart*, 161 Mich. App. 630, 635; 411 N.W.2d 803 (1987); *Meade v.*

*Lavigne ,* 265 F. Supp. 2d at 858-59. *See also Redmond v. Jackson,* 295 F. Supp. 2d

767, 774 (E.D. Mich. 2003)(petitioner not entitled to tolling of the AEDPA's statute of

limitations on a claim that he was actually innocent of felony-murder, finding that

petitioner's act of providing a firearm to be used in an armed robbery demonstrated a

wanton and wilful disregard of the fact that a person could be killed or suffer great

bodily harm during the course of the robbery).  When viewed in a light most favorable to

the prosecution, the evidence established that petitioner acted with the requisite malice

aforethought so as to support his conviction for first-degree felony murder.

 Petitioner also argues that he could not be found guilty of felony murder,

because there was no evidence of a completed armed robbery.  The Michigan Court of

Appeals rejected petitioner's claim, finding that under Michigan law an attempt to

commit an armed robbery constitutes a predicate felony for felony murder. *Sturges,*

2011 WL 4862448, at * 2 (citing to *People v. Akins,* 259 Mich. App. 545, 552; 675

N.W.2d 863 (2003).

 State courts are the "ultimate expositors of state law." *Mullaney v. Wilbur,* 421

U.S. 684, 691 (1975).  What is essential to establish the elements of a crime is a matter

of state law. *See Sanford v. Yukins,* 288 F.3d 855, 862 (6th Cir. 2002).  Thus, "[S]tates

are allowed to define the elements of, and defenses to, state crimes." *See Lakin v.*

*Stine,* 80 F. App'x. 368, 373 (6th Cir. 2003)(citing *Apprendi v. New Jersey*, 530 U.S.

466, 484-87 (2000); *McMillan v. Pennsylvania*, 477 U.S. 79, 84-86, (1986)).  A federal

habeas court must therefore defer to a state appellate court's construction of the

elements of state crimes. *See Coe v. Bell*, 161 F.3d 320, 347 (6th Cir. 1998).

The Michigan Court of Appeals concluded that attempted armed robbery can be used as a predicate offense under the felony murder statute. This Court must defer to the Michigan Court of Appeals' construction of the elements of first-degree felony murder and therefore cannot grant habeas relief on this claim.

### B.   Claim #2.  The bad acts evidence/ineffective assistance of counsel claim.

Petitioner next claims that the trial court erred in permitting the prosecution to introduce prior bad acts or other acts evidence. Petitioner claims that this evidence was not admitted for a proper purpose under M.R.E. 404(b), but was used merely to show that petitioner was a bad person. Petitioner further claims that the evidence was more prejudicial than probative.

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.* Thus, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000); *see also Stephenson v. Renico,* 280 F. Supp. 2d 661, 666 (E.D. Mich. 2003).

Petitioner's claim that the state court violated M.R.E. 404(b) by admitting this evidence is non-cognizable on habeas review. *Bey v. Bagley,* 500 F.3d 514, 519 (6th Cir. 2007); *Estelle,* 502 U.S. at 72 (Supreme Court's habeas powers did not permit

Court to reverse state court conviction based on their belief that the state trial judge erred in ruling that prior injury evidence was admissible as bad acts evidence under California law); *Dowling v. U.S.*, 493 U.S. 342, 352-53 (1990)(admission at defendant's bank robbery trial of "similar acts" evidence that he had subsequently been involved in a house burglary for which he had been acquitted did not violate due process).  The admission of this "prior bad acts" or "other acts" evidence against petitioner at his state trial does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *See Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003).

The Court rejects petitioner's related ineffective assistance of trial counsel claim.

In *Strickland v. Washington,* 466 U.S. at 668 (1984),the Supreme Court established a two-pronged test for determination whether a criminal defendant has received ineffective assistance of counsel.  First, the convicted person must prove that counsel's performance was deficient, which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.  Second, the convict must show that counsel's deficient performance prejudiced him.  Prejudice is established by a "showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.*

The Michigan Court of Appeals rejected petitioner's ineffective assistance of counsel claim, on the ground that the evidence that petitioner contends should have been excluded was admissible under M.R.E. 404(b). *People v. Sturges*, 2011 WL 4862448, at *3-4.

-11-

Federal habeas courts "'must defer to a state court's interpretation of its own rules of evidence and procedure' when assessing a habeas petition." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005)(quoting *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988)). Because the Michigan Court of Appeals determined that this evidence was admissible under Michigan law, this Court must defer to that determination in resolving petitioner's ineffective assistance of counsel claim. *See Brooks v. Anderson*, 292 F. App'x. 431, 437-38 (6th Cir. 2008); *Adams v. Smith*, 280 F. Supp. 2d 704, 721 (E.D. Mich. 2003).

The Michigan Court of Appeals' determination that petitioner was not denied the effective assistance of trial counsel because of counsel's failure to object to the admission of this "bad acts" evidence was not contrary to, or an unreasonable application of, clearly established federal law, and thus does not warrant federal habeas relief, in light of the Michigan Court of Appeals' finding that this "bad acts" evidence was admissible under Michigan law. *See Pearl v. Cason,* 219 F. Supp. 2d 820, 828-29 (E.D. Mich. 2002).

### C.  Claim #3.  The choice of counsel claim.

Petitioner alleges that he was denied his right to provide a defense when the trial court denied him his right to his counsel of choice.  Petitioner was represented by two attorneys and planned to alternate between the two throughout his trial.  The trial judge, however, ruled that the same attorney would conduct the defense throughout the trial.

One element of the Sixth Amendment right to counsel is the right of a defendant, who does not require appointed counsel, to choose who will represent him or her. *U.S. v. Gonzalez-Lopez,* 548 U.S. 140, 144 (2006)(citing *Wheat v. United States*, 486 U.S.

-12-

153, 159 (1988)).  "The Sixth Amendment guarantees the defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds." *Id.* (citing *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624-25 (1989)).  Where a criminal defendant's right to be assisted by counsel of one's choice is wrongly denied, it is unnecessary for a reviewing court to conduct an ineffectiveness or prejudice inquiry to establish a Sixth Amendment violation. *Id.* at 148.  "Deprivation of the right is 'complete' when the defendant is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of the representation he received." *Id.*

However, while a criminal defendant who can afford his or her own attorney has a right to a chosen attorney, that right is a qualified right. *See Serra v. Michigan Department of Corrections,* 4 F.3d 1348, 1351 (6th Cir. 1993)(citing to *Wheat v. United States,* 486 U.S. at 159).  The right to counsel of one's own choice is not absolute. *See Wilson v. Mintzes,* 761 F.2d 275, 280 (6th Cir. 1985).  The Supreme Court, in fact, has "recognized a trial court's wide latitude in balancing the right to counsel of choice...against the demands of its calendar." *Gonzalez-Lopez,* 548 U.S. at 152 (citing *Morris v. Slappy*, 461 U.S. 1, 11–12 (1983)).  Thus, "[A]lthough a criminal defendant is entitled to a reasonable opportunity to obtain counsel of his choice, the exercise of this right must be balanced against the court's authority to control its docket." *Lockett v. Arn,* 740 F.2d 407, 413 (6th Cir. 1984).  This logically includes the court's authority to administer to the proceedings within the courtroom.  "[E]very person has a constitutional right to retain at his own expense his own counsel so long as that right does not unreasonably interfere with the normal progress of a criminal case." *Linton v. Perini*,

-13-

656 F.2d 207, 211 (6th Cir. 1981).

Petitioner was represented by two attorneys throughout his trial. The ruling of the trial court judge requiring the same attorney who cross-examined the prosecution's witnesses to present the defense in no way foreclosed petitioner from his counsel of choice. Each participated in petitioner's defense. The state court did not violate petitioner's right to employ counsel of his choice.

The Supreme Court has never held that an accused is entitled to be represented by more than one counsel. The Sixth Circuit in *Abby v. Howe*, 742 F.3d 221 (6th Cir. 2014) stated "[T]here is no Supreme Court precedent - including *Gonzalez-Lopez* - that squarely addresses the scope of the right to counsel of choice in the multiple-counsel context." *Id.* at 227.   Likewise, in *Aceval v. MacLaren*, 578 F. App'x 480, 481-82 (6th Cir. 2014), *as amended* (Sept. 15, 2014), the Sixth Circuit held that there was no clearly established federal law that entitled a habeas petitioner to a second, limited attorney responsible for discrete limited aspects of representation; thus, the petitioner's right to the counsel of choice was not violated when the state appellate court upheld the trial judge's denial of petitioner's request to have a second attorney represent him alongside his first attorney for a limited appearance. The state appellate court's resolution of petitioner's counsel-of-choice claim was neither unreasonable nor contrary to clearly established federal law as determined by the Supreme Court.

The trial court did not deny petitioner his right to counsel of choice or the right to present a defense. Petitioner fails to demonstrate how he was deprived his right to counsel of choice when one of his attorneys was allowed, and did, present a defense, while the other continued to act as co-counsel. *People v. Sturges*, 2011 WL 4862448,

-14-

at *5–6.  Petitioner is not entitled to relief on his third claim.

## IV.  Conclusion

The Court will deny the petition for a writ of habeas corpus.  The Court will also

deny a certificate of appealability to petitioner.  In order to obtain a certificate of

appealability, a prisoner must make a substantial showing of the denial of a

constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is

required to show that reasonable jurists could debate whether, or agree that, the

petition should have been resolved in a different manner, or that the issues presented

were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529

U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's

constitutional claims on the merits, the petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims to be

debatable or wrong. *Id.* at 484.  "The district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant."  Rules Governing §

2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate

of appealability because he has failed to make a substantial showing of the denial of a

federal constitutional right. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich.

2001).  The Court will also deny petitioner leave to appeal *in forma pauperis,* because

the appeal would be frivolous. *Id.*

## V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas

Corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma*

*pauperis.*

Dated:  July 12, 2016

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 12, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---